Allen Ruby, Esq. SB #47109
Glen W. Schofield, Esq. SB #47308
RUBY & SCHOFIELD
125 South Market Street, Suite 1001
San Jose, California 95113
Telephone: (408) 998-8500

Attorneys for Plaintiff,
DUALCOR TECHNOLOGIES, INC.

Robert N. Phillips, Esq., SB#120970
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105-2708
Telephone: 415-848-4900
Facsimile: 415-848-4999

Bobby A. Ghajar, Esq., SB#198719
Howrey, LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071-2627
Tel: 213-892-1840 (direct)
Fax: 213-892-2300

Attorneys for Defendant
INTEL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO BRANCH

| | |
|---|---|
| DUALCOR TECHNOLOGIES, INC. | CASE NO. C 07 CV 04425 |
| Plaintiff, | JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER (Civil Local Rule 16-9) |
| v. | |
| INTEL CORPORATION, | Date: December 7, 2007<br>Time: 1:30 p.m. |
| Defendant. | |

Plaintiff DualCor Technologies, Inc. ("DualCor") and Defendant Intel Corporation ("Intel") hereby respectfully submit their Joint Case Management Statement pursuant to Civil Local Rule 16-9.

JOINT CASE MANAGEMENT STATEMENT                                                                 1

1. Jurisdiction and Service

The court has jurisdiction of this action under 28 U.S.C. §§1331 and 1338(a) and (b). Intel Corporation, the sole defendant, has been served, and has filed an answer.

2. Facts

DualCor asserts that it first adopted and used the name and mark "dualcor" in December, 2003. On May 14, 2004, DualCor filed with the United States Patent and Trademark Office an application for the "DUALCOR" trademark. On July 25, 2006, the "DUALCOR" trademark was registered in the United States Patent and Trademark Office under United States Trademark Registration No. 3,121,648. DualCor asserts that since approximately July, 2006, Intel has used the DualCor name and mark in its marketing efforts, under the slogan "Dual-Core. Do More." DualCor contends that Intel's use of the name "Dual-Core" is likely to cause confusion, mistake, or deception among consumers as to the source, quality and nature of DualCor's goods.

Intel disputes these allegations and contends that Plaintiff's trademark rights, if any, are limited, and do not preclude Intel's non-trademark use of the term "dual-core" to describe its technology. In fact, Intel and many other third parties have used the term long *before* Plaintiff changed its name from GCVI, Inc. to DualCor Technologies in December 2003 or first used "DualCor" as a trademark in December 2005. Moreover, Intel's use of the phrase "Dual-Core. Do More." in association with Intel's various microprocessors, is always accompanied by the INTEL® mark and Swirl logo. Intel denies that its use of the phrase "Dual-Core. Do More." has caused or is likely to cause confusion among consumers as to the source of Plaintiff's goods.

3. Legal Issues

The principal disputed points of law presently known to the parties are:

    a. priority of use of the DualCor name and mark and the phrase "dual-core"

    b. the validity of Plaintiff's rights in the DualCor name and mark;

    c. whether Intel has unfairly used Plaintiff's mark and whether there is a likelihood of confusion between Intel's use of the term "Dual-Core" in the phrase "Dual-Core. Do More," and DualCor's use of its own DualCor mark on the parties' respective products. The parties

1 | dispute each of relevant likelihood-of-confusion factors set forth in the *Sleekcraft* decision. *AMF*
2 | *Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir.1979); and
3 |       d.    whether Intel's use of "dual-core" is a non-trademark, fair use.
4 |   4.   <u>Motions</u>
5 |       There are no prior or pending motions. The parties anticipate that there will be
6 | motions for summary judgment and/or partial summary judgment.
7 |   5.   <u>Amendment of Pleadings</u>
8 |       Although amendments are not presently contemplated, the parties propose a deadline
9 | of January 31, 2008 for amendment of pleadings.
10 |   6.   <u>Evidence Preservation</u>
11 |       a.    DualCor has attempted in good faith since at least January 1, 2006, to
12 | preserve electronic documents and paper documents germane to its intellectual property claims,
13 | including the claims asserted in this lawsuit. DualCor's effort has included a policy not to erase
14 | voice mails, emails, or other electronically recorded material that is or may be relevant to its
15 | intellectual property rights.
16 |       b.    Intel has taken appropriate steps to preserve evidence relevant to the issues in
17 | this action and which relate to Intel's use of the accused phrase "Dual-Core. Do More."
18 |       Additionally, the parties agreed during the meeting of counsel that, as to electronic
19 | discovery, the parties could limit searches for and production of electronically stored information to
20 | custodians reasonably likely to have relevant information, and to avoid unduly burdensome searches
21 | such as of backup tapes or dynamic databases (including automatically deleted or overwritten data).
22 |   7.   <u>Disclosures</u>
23 |       In compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, the
24 | parties have agreed to exchange initial disclosures on November 30, 2007.
25 |   8.   <u>Discovery</u>
26 |       No discovery has been completed to date. Intel served written discovery on
27 | November 21, 2007. The parties do not anticipate the need to propose limitations or modifications
28 | of the discovery rules. The parties propose the following discovery plan, subject to Intel's intended

motion that the Court bifurcate liability and damages in this case:

    a. Percipient discovery to close June 16, 2008;
    b. Expert disclosures, including expert reports, to be exchanged June 23, 2008;
    c. Rebuttal reports to be exchanged July 23, 2008;
    d. Expert discovery to close August 13, 2008.

9. Class Actions

Not applicable.

10. Related Cases

Not applicable.

11. Relief

Plaintiff seeks injunctive relief to prohibit Intel from using the DualCor name and mark. DualCor also seeks disgorgement of profits received by Intel from its use of the DualCor name and mark, as well as payment of damages caused by the alleged infringement of Intel. Pending receipt of initial disclosures and discovery, DualCor is not yet able to quantify its disgorgement and damage claims.

Intel disputes that Plaintiff is entitled to any relief and that Intel has used or is using the "DualCor name and mark." Intel contends that, as a matter of law in the Ninth Circuit, a plaintiff is not entitled to a disgorgement of profits absent a showing of willfulness, which is not present in this case.

12. Settlement and ADR

The parties have stipulated to private mediation through JAMS, to be completed on or before March 28, 2008. DualCor expects to serve a set of interrogatories, and to take a small number of depositions, perhaps 2 or 3, in preparation for mediation. Intel will require Plaintiff's full and complete responses to its discovery requests and expects to take select (1 or 2) depositions of Plaintiff's witnesses in preparation for mediation.

13. Consent to Magistrate Judge for all Purposes

DualCor consents to a Magistrate Judge for all purposes. Intel respectfully requests that the your Honor conduct all further proceedings including trial and entry of judgment in this

JOINT CASE MANAGEMENT STATEMENT      4

case, and does not consent to a Magistrate Judge for all purposes.

14. Other References

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

At this time the parties have not agreed upon particular methods to expedite the presentation of evidence at trial, although as discovery progresses, the parties will consider any stipulations to streamline the presentation of evidence at trial.

As soon as practicable, Intel expects to file a motion seeking bifurcation of the issues of liability from the issues of damages and equitable relief because Intel believes it is likely to prevail on the issue of liability, and it would be an efficient and economical use of judicial resources to resolve this issue first before burdening the parties and the Court with time consuming and expensive discovery on the issues of "damages" and Intel's alleged profit (direct or indirect) from its use of the phrase "Dual-Core. Do More.". Intel contends that DualCor will not be prejudiced by a bifurcation, especially where an accounting of Intel's profits may only be considered after liability and willfulness are established.

16. Expedited Schedule

The parties do not believe that this is the type of case amenable to expedited scheduling with streamlined procedures.

17. Scheduling

The parties respectfully propose the following schedule:

    a. Percipient discovery to close June 16, 2008;

    b. Expert disclosures, including expert reports and all materials required under Fed. R. Civ. P.26(a)(2), to be exchanged June 23, 2008;

    c. Rebuttal reports to be exchanged July 23, 2008;

    d. Expert discovery to close August 13, 2008;

    e. Dispositive motions to be filed on or before October 13, 2008;

    f. Pre-Trial Conference to be held December 1, 2008 or January, 2009 at the

Court's convenience.

18. <u>Trial</u>

Dualcor and Intel have requested a jury trial, which the parties estimate will take 3 to 5 days.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>

a. DualCor has filed its "Certificate of Interested Entities or Person" required by Civil Local Rule 3-16. The individuals or entities known by DualCor to have either a financial interest or other kind of interest in the proceeding, or which may be substantially affected by the outcome of the proceeding, are Daehong Technew Corporation, Lawrence L. Reece Trust, Timothy J. Glass, Bryan T. Cupps, Dong Kwam Kim, and Wanho Park.

b. Intel has filed its "Certificate of Interested Entities or Person" as required by Local Rule 3-16. There are no individuals or entities known by Intel that are "Interested Entities or Persons" pursuant to Local Rule 3-16.

20. <u>Other Matters</u>

The parties at this time do not propose other orders that may facilitate the just, speedy and inexpensive disposition of this matter.

DATED: November 30, 2007         RUBY & SCHOFIELD

BY _____
ALLEN RUBY
Attorneys for Plaintiff

DATED: November 30, 2007         HOWREY, LLP

BY _____
Bobby A. Ghajar
Attorneys for Defendant

## [PROPOSED] ORDER

The Joint Case Management Statement and Proposed Order is hereby adopted by the Court as a Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders as follows:

IT IS SO ORDERED

Date: _____                    _____
                                        UNITED STATES DISTRICT JUDGE

JOINT CASE MANAGEMENT STATEMENT                                              7