Bobby A. Ghajar (SBN 198719)
HOWREY LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
Telephone: (213) 892-1800
Facsimile: (213) 892-2300
E-mail: ghajarb@howrey.com

Peter E. Moll *(Admitted Pro Hac Vice)*
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402
Telephone: (202) 783-0800
Facsimile: (202) 383-6610
Email: mollp@howrey.com

Attorneys for Defendant
INTEL CORPORATION

Allen Ruby, Esq. (SBN 47109)
LAW OFFICES OF ALLEN RUBY
125 South Market Street, Suite 1001
San Jose, California 95113
Telephone: (408) 998-8500

Attorney for Plaintiff,
DUALCOR TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO BRANCH

| | |
|---|---|
| DUALCOR TECHNOLOGIES, INC. | CASE NO. C 07 CV 04425 |
| Plaintiff, | **UPDATED JOINT CASE MANAGEMENT STATEMENT (Civil Local Rule 16-9)** |
| v. | |
| INTEL CORPORATION, | Date: May 9, 2008 |
| Defendant. | Time: 1:30 p.m. |

Plaintiff DualCor Technologies, Inc. ("DualCor") and Defendant Intel Corporation ("Intel") hereby respectfully submit their Updated Joint Case Management Statement pursuant to Civil Local

CASE NO. CV 07-04425 JSW
UPDATED JOINT CASE
MANAGEMENT STATEMENT                                                1

Rule 16-9 and the Court's December 10, 2007 Order.

1.      Jurisdiction and Service

The Court has jurisdiction of this action under 28 U.S.C. §§1331 and 1338(a) and (b). Intel Corporation, the sole defendant, has been served, and has filed an answer.

2.      Facts

DualCor asserts that it first adopted and used the name and mark "dualcor" in December, 2003. On May 14, 2004, DualCor filed with the United States Patent and Trademark Office an application for the "DUALCOR" trademark. On July 25, 2006, the "DUALCOR" trademark was registered in the United States Patent and Trademark Office under United States Trademark Registration No. 3,121,648. DualCor asserts that since approximately July, 2006, Intel has used the DualCor name and mark in its marketing efforts, under the slogan "Dual-Core. Do More." DualCor contends that Intel's use of the name "Dual-Core" is likely to cause confusion, mistake, or deception among consumers as to the source, quality and nature of DualCor's goods.

Intel disputes these allegations and contends that plaintiff's trademark rights, if any, were limited, and do not preclude Intel's non-trademark and **generic** use of the term "dual-core" to describe its technology – a use DualCor admitted in depositions was consistent with industry meaning and not as a brand name or trademark. Intel contends that a basic investigation prior to filing this complaint would have revealed that Intel and many other third parties in the microprocessor industry (*e.g.* IBM, AMD, etc.) used the term long *before* plaintiff changed its name from GCVI, Inc. to DualCor Technologies in December 2003 or first used "DualCor" as a trademark in December 2005. Intel asserts that discovery has shown that plaintiff was aware of this industry usage before its name change. Intel denies that its use of the phrase "Dual-Core. Do More." has caused or is likely to cause confusion among consumers as to the source of plaintiff's goods. Intel believes that plaintiff's inability to obtain funding and its other alleged harms were not a result of any perceived trademark confusion, but were plaintiff's own doing.

CASE NO. CV 07-04425 JSW
UPDATED JOINT CASE
MANAGEMENT STATEMENT                                                                                           2

3.   Legal Issues

The principal disputed points of law presently known to the parties are:

a.   whether "dual core" / "dual-core" is generic in the computer industry

b.   the validity of plaintiff's rights and trademark registration in the DualCor name and mark;

c.   whether Intel's use of the term "dual-core" is a fair use under the law;

d.   whether there is a likelihood of confusion between Intel's non-trademark use of the term "Dual-Core" in the marketing phrase "Dual-Core. Do More," and DualCor's name. The parties dispute each of the relevant likelihood-of-confusion factors set forth in the *Sleekcraft* decision. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir.1979); and

4.   Motions

There are no prior or pending motions. Intel expects to file a motion for summary judgment and would like to discuss the timing of that motion with the Court.

5.   Amendment of Pleadings

In discovery following the initial case management conference, Intel learned that, without authorization, DualCor used Intel's corporate logo in presentation material, and that the material suggested that Intel was one of DualCor's partners, when no such partnership existed. Based on this conduct, Intel is considering a counter-claim for trademark infringement and fraud. Intel proposes a July 7, 2008 deadline to amend its pleadings to add these claims.

6.   Evidence Preservation

a.   DualCor has attempted in good faith since at least January 1, 2006, to preserve electronic documents and paper documents germane to its intellectual property claims, including the claims asserted in this lawsuit. DualCor's effort has included a policy not to erase voice mails, emails, or other electronically recorded material that is or may be relevant to its intellectual property rights.

    b. Intel has taken appropriate steps to preserve evidence relevant to the issues in this action and which relate to Intel's use of the accused phrase "Dual-Core. Do More."

    Additionally, the parties agreed during the meeting of counsel that, as to electronic discovery, the parties could limit searches for and production of electronically stored information to custodians reasonably likely to have relevant information, and to avoid unduly burdensome searches such as of backup tapes or dynamic databases (including automatically deleted or overwritten data).

  7. <u>Disclosures</u>

    In compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, the parties exchanged initial disclosures on November 30, 2007.

  8. <u>Discovery</u>

    Discovery is ongoing. Intel served written discovery on November 21, 2007. Intel deposed DualCor's only current employees, CEO Timothy Glass and CTO Bryan Cupps. DualCor deposed Intel's Vice-President of Marketing, Donald MacDonald. The parties do not anticipate the need to propose limitations or modifications of the discovery rules. The parties propose the following discovery plan, subject to Intel's intended motion that the Court bifurcate liability and damages in this case in the event that the Court does not grant Intel's motion for summary judgment:

    a. Percipient discovery to close August 4, 2008;

    b. Expert disclosures, including expert reports, to be exchanged August 11, 2008;

    c. Rebuttal reports to be exchanged September 12, 2008;

    d. Expert discovery to close October 13, 2008.

  9. <u>Class Actions</u>

    Not applicable.

**10. Related Cases**

Not applicable.

**11. Relief**

Plaintiff seeks injunctive relief to prohibit Intel from using the DualCor name and mark. DualCor also seeks disgorgement of profits received by Intel from its use of the DualCor name and mark, as well as payment of damages caused by the alleged infringement of Intel. Pending receipt of initial disclosures and discovery, DualCor is not yet able to quantify its disgorgement and damage claims.

Intel disputes that plaintiff is entitled to any relief where Intel has not used plaintiff's name; Intel has used the generic term "dual core" fairly and accurately as a reference to a feature of its microprocessors; plaintiff is no longer using the alleged trademark "DualCor" on any products; and Intel's use of the marketing tagline "Dual-Core. Do More." has ceased. Moreover, Intel contends that plaintiff is not entitled to a disgorgement of profits under these circumstances.

**12. Settlement and ADR**

Following the Initial Case Management Conference, the parties participated in a stipulated private mediation through JAMS, in front of the Honorable David Weinstein (Ret.) on March 30, 2008. In preparation for mediation, and as permitted by the Court's Order, Intel took the deposition of Timothy Glass and Bryan Cupps, and DualCor took the deposition of Donald MacDonald. The parties also exchanged initial document productions in preparation for depositions and mediation. The mediation is complete and was unsuccessful.

**13. Consent to Magistrate Judge for all Purposes**

Not applicable.

**14. Other References**

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

CASE NO. CV 07-04425 JSW
UPDATED JOINT CASE
MANAGEMENT STATEMENT                                                                 5

15. <u>Narrowing of Issues</u>

At this time the parties have not agreed upon particular methods to expedite the presentation of evidence at trial, although as discovery progresses, the parties will consider any stipulations to streamline the presentation of evidence at trial.

As Intel previously advised the Court, it expects to file a motion for summary judgment and a motion seeking bifurcation of the issues of liability from the issues of damages and equitable relief because Intel believes it is likely to prevail on the issue of liability, and it would be an efficient and economical use of judicial resources to resolve this issue first before burdening the parties and the Court with time consuming and expensive discovery on the issues of "damages" and Intel's alleged profit (direct or indirect) from its fair use of the phrase "Dual-Core. Do More." Intel contends that DualCor will not be prejudiced by a bifurcation, especially where an accounting of Intel's profits may only be considered after liability and willfulness are established.

DualCor opposes bifurcation and will be prepared to address this subject in more detail as the Court directs.

16. <u>Expedited Schedule</u>

The parties do not believe that this is the type of case amenable to expedited scheduling with streamlined procedures.

17. <u>Scheduling</u>

The parties respectfully propose the following schedule:

a. Percipient discovery to close August 4, 2008;

b. Expert disclosures, including expert reports and all materials required under Fed. R. Civ. P.26(a)(2), to be exchanged August 11, 2008;

c. Rebuttal reports to be exchanged September 12, 2008;

d. Expert discovery to close October 13, 2008;

e. Dispositive motions to be filed on or before December 12, 2008;

CASE NO. CV 07-04425 JSW
UPDATED JOINT CASE
MANAGEMENT STATEMENT        6

1         f.    Pre-Trial Conference to be held February 6, 2009, or at the Court's convenience.

18. <u>Trial</u>

DualCor and Intel have requested a jury trial, which the parties estimate will take 3 to 5 days.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>

a. DualCor has filed its "Certificate of Interested Entities or Person" required by Civil Local Rule 3-16. The individuals or entities known by DualCor to have either a financial interest or other kind of interest in the proceeding, or which may be substantially affected by the outcome of the proceeding, are Daehong Technew Corporation, Lawrence L. Reece Trust, Timothy J. Glass, Bryan T. Cupps, Dong Kwam Kim, and Wanho Park.

b. Intel has filed its "Certificate of Interested Entities or Person" as required by Local Rule 3-16. There are no individuals or entities known by Intel that are "Interested Entities or Persons" pursuant to Local Rule 3-16.

20. <u>Other Matters</u>

The parties at this time do not propose other orders that may facilitate the just, speedy and inexpensive disposition of this matter.

DATED: April 25, 2008        LAW OFFICES OF ALLEN RUBY

                                    BY    /s/ Allen Ruby

                                    ALLEN RUBY
                                    Attorney for Plaintiff

DATED: April 25, 2008        HOWREY, LLP

                                    BY    /s/ Bobby A. Ghajar

                                    Bobby A. Ghajar
                                    Peter E. Moll
                                     Attorneys for Defendant

CASE NO. CV 07-04425 JSW
UPDATED JOINT CASE
MANAGEMENT STATEMENT                                                               7

1 | [PROPOSED] **ORDER**

The Updated Joint Case Management Statement and Proposed Order is hereby adopted by the Court as a Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders as follows:

IT IS SO ORDERED

Date: _____                     _____

                                       UNITED STATES DISTRICT JUDGE

CASE NO. CV 07-04425 JSW
UPDATED JOINT CASE
MANAGEMENT STATEMENT         8